CARLIE CHRISTENSEN, Acting United States Attorney (No. 633)
MATTHEW L. BELL, Assistant United States Attorney (No. 9840)
Attorneys for the United States of America
20 North Main Street, Suite 208
St. George, UT 84770
Telephone: (435) 673-0712

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
MAR 22 2010
D. MARK JONES, CLERK
BY_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:09-cr-00625-TS |
| Plaintiff, | : | |
| vs. | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| SCOTT ALLEN URE, | : | |
| Defendant. | : | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1. As part of this agreement with the United States, I intend to plead guilty to Count II of the Indictment. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me. The elements of Count II, Travel with Intent to Engage in Illicit Sexual Conduct are: (1) defendant knowingly traveled in interstate commerce; (2) the purpose of the travel was to engage in a sexual act that would be a violation if it occurred in the United States' special maritime or territorial jurisdiction; and (3) the person with whom defendant intended to engage in a sexual act was less than 16 years of age.

2. I know that the maximum possible penalty provided by law for Count II of the Indictment, a violation of 18 U.S.C. § 2423(b), is a term of imprisonment of up to 30 years, a fine of $250,000, and a term of supervised release of up to life. I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3). Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offense may be ordered pursuant to 18 U.S.C. §3663 or 3663A.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

  A. I have a right to the assistance of counsel at every stage of the proceeding.

  B. I have a right to see and observe the witnesses who testify against me.

  C. My attorney can cross-examine all witnesses who testify against me.

  D. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

  E. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

  F. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

  G. The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

  H. It requires a unanimous verdict of a jury to convict me.

  I. If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

    A. On or about May 1, 2009, I purposefully traveled in interstate commerce (from California to Nevada and then to Utah) to engage in a sexual act. That sexual act would have been a violation of federal law had it occurred within the United States' special maritime or territorial jurisdiction. The person with whom I planned to engage in the sexual act was under 16 years of age.

    B. My conduct constitutes a violation of 18 U.S.C. § 2423(b).

12. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

A. The defendant agrees:

    (1)(a) I will plead guilty to Count II of the Indictment;

    (1)(b) To recommend at sentencing that I be sentenced at the low-end of the range in the U.S. Sentencing Guidelines. This recommendation is based upon concessions made by the United States below as outlined in paragraph 12.B below. Further, as noted below, the United States agrees to the same recommendation.

    (1)(c) The "Specific Offense Characteristic" in United States Sentencing Commission, <u>Guidelines Manual</u>, § 2G1.3(b)(3),

regarding use of a computer, applies to my conduct as charged in Count II of the Indictment. Other "Specific Offense Characteristics" might apply, and the parties may dispute any other enhancements or adjustments at sentencing.

(2)(a) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report;

(2)(b) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255;

(2)(c) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver;

(2)(d) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution; and

(3) If the Court finds that I failed to fulfill my obligations under this plea agreement, or if I withdraw my plea of guilty, I shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that my statements

pursuant to this agreement, or any leads derived therefrom, should be suppressed or are inadmissible at any trial, hearing, or other proceeding.

B. The United States agrees:

(1) To move to dismiss Count I of the Indictment at the time of sentencing;

(2)(a) To recommend that the defendant's offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, the defendant clearly demonstrates acceptance of responsibility for his offense, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines;

(2)(b) To move for an additional one-level reduction in the defendant's offense level, in accordance with Sentencing Guideline § 3E1.1(b), if the defendant qualifies for a two-level reduction under Section 3E1.1(a) and the defendant's offense level is 16 or greater prior to receiving the two-level reduction; and

(3) To recommend at sentencing that the defendant be sentenced at the low-end of the range in the U.S. Sentencing Guidelines. The United States' agreement is based on the present facts and circumstances, and if the facts change, the United States shall not be bound by this provision.

\* \* \* \*

I make the following representations to the Court:

1. I am 47 years of age. My education consists of 16+ . I _____ ((can)/cannot) read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court. .

3. No one has made threats, promises, or representations to me that have caused me to plead guilty.

4. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea; nor am I now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 3/22/2010 day of _____, 2010.

_____
SCOTT ALLEN URE
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that

-6-

he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 22 day of March, 2010.

_____
KEITH BARNES #7-1360
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no off-the-record agreements between the defendant and the United States.

DATED this 22nd day of March, 2010.

CARLIE CHRISTENSEN
Acting United States Attorney

_____
MATTHEW L. BELL
Assistant United States Attorney